Our next case on calendar is U.S. v. Hackett. There are two case numbers, 25-2247 and 23-595. Each side will have 15 minutes. Good morning, Your Honors. My name is Carl Gunn. I'm representing Mr. Hackett. I'm going to try to reserve three minutes for rebuttal. I'll start, if I can, though the court can certainly direct me elsewhere, with what needed to be done to effectively litigate the motion for new trial. I just really want to get that out there. First, someone needed to go over the voluminous discovery that's going to accompany one of the most complex offenses in the criminal code, securities fraud. Second, one needed to push for discovery and investigate a confidential informant so dirty the government had indicted him for lying about the ex-president and president's family. Third, one needed to go dig through the court records in that informant's case, get an investigator, and maybe schmooze the informant's lawyer to see what they could find out. Can I just ask? I really struggled to understand what this confidential informant's impact on this case could possibly have been because it doesn't seem like – it seems like there was a motion in Lemonet about admitting the evidence about Alex, but then it was granted, but then I think the evidence wasn't used. So I don't really understand how there's any way Alex made a difference. It makes a difference, Your Honor, because think about what the government's theory was about how and why it was admissible. It was inextricably intertwined. It was all part of the same group of transactions. It was all part of the same stuff, if I can use vernacular, that these defendants were talking about in the so-called securities fraud. So if there was something funny about that or something about that that wasn't match trading or pumping and dumping or whatever it was, then that suggests there might have been something about the charged securities that wouldn't have been. I don't really understand why, though. Like once – I mean, so maybe there's an informant who you don't trust or who's told you about some things, but then those things weren't admitted. And so we had a trial with evidence of these other things, and even if they're similar to each other, like what – how would the informant over here have affected the evidence over here? I just don't understand it. Well, for example, Your Honor, one of the arguments the defense attorney made was the government hasn't come up with any evidence of match trading. They're talking about match trading, but there's no evidence. You haven't heard any evidence of that. Well, here he would have said, and there's this other transaction out there also. You know, this is one the government controlled. This is one that was run by a government informant. There's no evidence of match trading there. And maybe they go do some investigation and they dig some things up, and they come up with, well, you know, there's even more information here, and there's still no evidence of match trading. So the government's whole match trading theory is out the window. Now, I recognize that – But what prevented counsel from exploring all that before the trial? I mean, the only – the information found out post-trial was that Alex was a confidential informant. But all of the information about Alex was already disclosed to the defendant. No. I don't think all – well, that would have been part of what a good attorney would have been able to press for and litigate is I don't think – certainly the fact that Alex was an informant was not disclosed. In fact, the fact that the government knew Alex's last name wasn't even disclosed because they wrote a report that said Alex's last name on loan. The only information about Alex – and we don't know this because Mr. Hackett didn't have an attorney to push for all this stuff. But the only thing we – the only information it appears that was disclosed about Alex was the stuff that involved the other informant, Forster. It was only where they overlapped that the information about Alex was disclosed. At least that's possibly the situation. That's why – we don't know a lot of this stuff because Mr. Hackett was out there on his own and didn't have an attorney to push for this stuff. If he had a good attorney, that attorney wouldn't have just taken the government's word for it that there wasn't anything more. He would have gone into court and filed a motion for discovery. He would have started pushing these issues. Why isn't it the case that his trial attorney was still on board? He was still represented by counsel. Under the rules of the court, that counsel had not been relieved. I got to respectfully disagree with that reading of the rules, Your Honor. The rules talk about through the notice of appeal stage, and that had passed. And the rules talk about up until a motion to withdraw is granted, and in this case a motion to withdraw was granted by the circuit. And that, I think, is fairly read under the rules as taking Mr. Nurick, the district court attorney, out of it. He's not still – I don't think any attorney two and a half years or whatever it was down the road would think he's still on the hook for, you know, coming in to represent a client when the client wants to file a motion for new trial. I thought the local rule 44.1 said that the attorney must continue until the time for making post-trial motions has expired. And a new trial motion can be made for three years, and three years hadn't passed. And the withdrawal was only for purposes of appeal. So I'm just having trouble why there wasn't still counsel for purposes of district court post-trial motions. I think the reading of that, Your Honor, means post-trial motions like between verdict and sentencing because it's also in conjunction with a time for filing a notice of appeal. And just as a practical matter, I've never done retained counsel work, but I can't believe that a retained attorney two and a half years down the road is going to think he's still on the hook to come in at that point if a client calls him and says, hey, I found new evidence, I want to do a motion for a new trial. I haven't seen the retainer agreement, obviously, and the local rule does say what the local rule says. But I think properly, I don't – I mean, Judge Scarsley is a district judge, and I haven't looked at the central district rules on this, but I can't believe a district judge would think that this attorney, when the case has been over for two years or whatever it was, is going to think that attorney has to be hauled back in. And they're going to read that attorney's representation is done when those sort of immediate district court proceedings were done. Now, here that included the restitution hearing that did happen a few months later, but that was really just a continuation of the sentencing, so the sentencing hadn't been completed yet. But I can't imagine that anyone would think that the retained attorney's representation continued past the end of the sentencing process and the appeal – filing of the notice of appeal. Suppose we agree with you that there wasn't counsel at this point. We have a new trial motion based on new evidence that's sort of – it's not related to the issues that are up on appeal. It's not based on the record of what happened in the trial. It's based on this new other stuff. Why, given all of that – why isn't the Fourth Circuit right that this is essentially a collateral proceeding, that there's no right to counsel? I think there's several reasons why. First of all, it's a little bit related to the record on appeal because, you know, whether this is material and such that it might undermine confidence in the result involves looking at all the other evidence, too, and a sort of harmless error type of analysis. So it's a little bit related. I think there's three reasons Kitchen's right and the Fourth Circuit case is wrong. First of all, it's not correct that the direct appeal is over. Even though this is separate from it, the direct appeal is still going on. Second of all, it's not correct that there's no way this could affect the direct appeal. If the motion were denied before the direct appeal were over, then it could be consolidated and combined with a direct appeal. Third, you know, the government – the cases the government points to, aside from the Fourth Circuit's case, are these tolling cases, and tolling is really a whole different question. Fourth, the government's idea that there's no jurisdiction in the district court is clearly wrong under Rule 37. There's no jurisdiction in the sense that the court can grant it, but the court can deny it. The court can say, I would grant it if I could, and the court can say, you know, I think there's substantial issues here, and I'm glad to rule on it if you want to remand to me. It actually also helps the appeal in the sense of it may forego the need for the appeal and save your honors some work if the district court decides it would grant a motion for new trial. So it's true the district court doesn't have to spend time on a motion for new trial if the appeal is won, but at the same time, time doesn't need to be spent on the appeal if the motion for new trial has merit. So I think when there's still the appeal process going on, it's different than when the appeal process is over, and there are some good reasons to combine it. And my argument, frankly, is given what I said at the beginning of my argument, is even under the abuse of discretion standard that would apply without the Kitchen case, this is a case where you needed an attorney to effectively address these issues. Let me ask you before you run out of time to address restitution and in particular this timing question. So the district court had scheduled a hearing that would have been within the 90 days. Correct. And then you sought a continuance. Well, not me, the defense. The institutional you sought a continuance. And then there's another sua sponte continuance, and then we get to the hearing. And as far as I can tell, there's no objection at the hearing like, hey, you can't order this. It's too late. You're past the 90 days. So why shouldn't we view this objection perhaps as invited error or at least as forfeited and therefore subject to plain error review? Well, there's two reasons for that. First of all, the continuance was not requested outside the 90 days. That was done by the court on its own. Even the first continuance didn't have a time frame attached to it. Second of all, if you were to say it was forfeited and want to apply plain error, the case law is very clear that the government has to argue plain error for that standard to apply. The government hasn't argued plain error here, so any plain error review would be waived. Third, I think in the HIMAS, I think it's HIMAS, the case I cite where they said that you couldn't do it more than 90 days after because there had been no warning there would be some restitution. That case, I don't think there was any objection either. So I think the circumstances here are the same as the circumstances there. And on the merits of it, I take the point that Dolan does not directly answer this question because Dolan has that language about where the district court made clear before in the 90 days. But I can't see that that caveat is really relevant to any of the reasoning in Dolan. I'm sorry. It's really relevant. I don't see that that caveat about whether the district court made clear before 90 days that it would order restitution is really relevant to any of the reasoning in Dolan. And it seems like all the reasons that Dolan gave for thinking that the court still had authority after 90 days apply equally well here. So can you address that? Two thoughts on that, Your Honor. First of all, part of it is just a question of where and how you draw the line. So maybe it's okay to miss the 90 days if the defendant knows some restitution is coming, but it's not okay if he doesn't get any warning at all. And second, you have Ninth Circuit case law that's adopted that stanger. It's the Foo case that I cite in the briefs, I think pretty clearly treats that as a requirement. And then lots of those unpublished cases that come afterwards treat it as a requirement. So I think even if you could treat that as just leaving the issue up in the air, the Ninth Circuit authority right now says that's a requirement. I read Moreland, U.S. v. Moreland, as saying that you have to show prejudice, though, from violating the 90 days. And I don't understand what the prejudice here was. Moreland was about a different type of notice, Your Honor. Moreland was about a requirement that the government give notice, I think, 10 days before the hearing or something like that. It wasn't about the 90-day limit. Okay. Why shouldn't it be extended? Why would it be different? Because the Himas case didn't require that. So I think you should follow Himas. Did Himas speak to the issue of prejudice? No, but it reversed without any finding of prejudice. So I'll still give you three minutes for rebuttal, but I'd like to go back to this new trial motion issue.  Okay, so you have this theory that because the appeal was happening and there was new appellate counsel, there wasn't counsel in the district court anymore. If we just take that for a moment, as say we agree with you about that for a moment, what would that mean about your theory about the new trial motion? Does there need to be some merit in the request for a new trial motion that then also triggers this need for counsel? Or is the possibility that there could ever be a new trial motion something that's enough to say in the whole three years you have to keep the district court counsel? What's the implication of what you're arguing? In other words, can a defendant just come in and say, I want to file a new trial motion?  I understand, and I think that's reasonable, Your Honor. I think maybe there needs to be some threshold showing, but you don't need to decide that because here there was a threshold showing. Here there was certainly enough to what I would call pass the smell test. You have an informant who lied to the government so blatantly that they indicted him for it. You have motions in that case about, quote, alleged defects in the prosecution, unquote. Quote, FBI handling agents allege mistakes, unquote. And a defense expert would detail the detailed opinion about things. You have what looks like a cover up when the government moves to agree to vacate the conviction on appeal. You have this inextricably intertwined. And it's not just in the sort of evidentiary theory, but look at the quotes at pages 33 and 34 of my opening brief. And the government talks about all these things are being talked about and worked on at the same time. So I think all of that stuff, Your Honor, more than passes a smell test if you need some sort of threshold to say, yeah, we're going to appoint an attorney. I mean, I agree there needs to be something more than the defendant just saying I want to file a motion for a new trial without giving any reasons. But there were some reasons here. I mean, I'm still struggling with this, so I'm just going to ask this again. So if you have an informant, even if the informant is lying, you need to find the evidence that the informant is tipping you off to. And given that here the transactions that the informant talked about weren't even part of the trial, I'm just really struggling with how an informant over on the left side can affect the evidence that was actually found on the right side. Can you just help me why there is that link? Well, what would be happening here is the defense would be putting in the evidence in a new trial. You have the reverse 404B cases and so on that I cite that says a defense can put in evidence to show he lacks a state of mind. What I asterisked here at page 33 of my opening brief, this is part of what the government said about these other transactions, including this one. Quote, the discussions were not remote in time. In fact, the discussions were contemporaneous with the conspiratorial discussions about ASNT. This is exactly why the United States seeks to introduce this evidence. The references to other deals were made to articulate, explain, and illuminate the ASNT scheme. So all of this was part of the same stuff. So if there was no state, if you could show that this was all a setup and all manufactured by an informant on the RIT deal, the Alex deal, that was controlled by the government, and Mr. Hackett didn't have a culpable state of mind there, then this intertwinedness, if I can make up a word, suggests or would support an argument that he didn't have the state of mind there. I mean jury might or might not buy that, but it certainly would give you something to work with. You're acknowledging that there needs to be some level of plausibility to what you just said to trigger the duty for counsel to trigger it because of the request for the new trial. Kitchen doesn't say that, but I mean I don't know that I could argue that any defendant who comes in and raises his hand said I want to file a notion for trial without even saying what it's about. Or even without that, right? I mean it seems like on your theory that you have to have this counsel because you might have a new trial motion. Maybe someone should be investigating all the time whether you should have a new trial, and you can never get rid of the counsel until – Well, and of course here we're not talking about getting rid of the counsel because I believe the counsel is already out. You're talking about appointing a new counsel, but yeah, but there was something pointed to here. But it would be improper to let the counsel go on your theory, I think, unless you need there to be some plausibility of some reason. Well, unless the local – I read the local rules as saying when the district court case is over in the sense of sentencing being completed and the notice of appeal filed that the representation ends. That's the way I read the local rules. I'm not sure I agree with you because – but if we read it that way, would the local rule be flawed because it wouldn't give you counsel for a new trial motion? No, because I think the defendant would have to say I want the counsel. I mean, I think you need the defendant to ask for the counsel, which Mr. Hackett obviously did here. And he did more than ask for the counsel. He presented some basis for thinking there might be something out there to look into. And it's clear, isn't it, that we don't know why the district court denied these two motions post-appeal. It's just a docket entry. We don't know anything about it. I think that's correct. Okay. Thank you. Okay. I'll still give you three minutes for rebuttal, but let's hear from the government.  Good morning. Your Honors, may it please the court. Mark Rahy for the United States. And just a little housekeeping matter. I would like to argue 25-2247, the new trial motions. I was not responsible for the restitution part. This is my colleague, Peter Horn. He will address those matters if that suits the court. Starting then, the first point I want to make, Your Honors, the government does stand behind the position that Mr. Nurick was still the trial counsel. The plain language of local rule 44.1b says that unless leave is granted, and you won't find that leave anywhere in the district court docket, the attorney must continue to represent the defendant until the case is dismissed, defendant is acquitted or convicted, or the time for making post-trial motions and for filing notice of appeal. So I don't know what the practice is in the Southern District of California, and maybe you can tell me this. But at least here, like in our court, if somebody who is represented sends something in pro se, the clerk does not file it. There's just a notation on the docket that they tried to submit something, and it was returned because they're already represented. But here, it seems like the motion was filed and actually ruled on by the district court, which is hard to reconcile with the idea that the court thought that he was already a represented party. And I understand, and I know the defense made that point in the reply. The funny thing is I've been 26 years doing this job. I've never had a case like this before. I'm not that in the weeds on all the local defense rules. All I know is that that filing, that's kind of a ministerial thing. That's what a clerk of a court does. What we're looking at here with the plain language, the rule is unless leave is granted. And you don't see that from the district court. But I understand your honor's point, and that's why, you know, our position doesn't stand on that. It's just when I got this case and I thought it was funny, like, wow, there's a claim that he's not represented. You know, not only was Mr. Gunn filing motion and sending letters, but I never saw any leave to withdraw. So, you know, we're just standing on that plain language of that rule, which rule 44, the criminal procedure, says that the right to counsel will turn on the application of the local rules. So even if it's docketed in the entry, the government's position would be that that's not the judge's. That doesn't necessarily reflect the judge's ruling. What we do know without a doubt is that there is no leave to withdraw granted. So in our court, another thing that we sometimes do in our court is even though there's a general rule that people can't file things pro se when they have counsel, sometimes we decide to exercise our discretion to consider the pro se filing as well as the counsel's filing. And. As I read what happened here, I think that's maybe the best reading of what happened is the court decided to consider this pro se filing, maybe even though there was counsel or maybe there wasn't whatever, whether there was or wasn't counsel, the court considered the pro se filing because the court waited until the appeal was over and then actually ruled on it. So. So is there anything wrong with that interpretation that there was at least an exercise of discretion to consider it on the merits? No, I don't. I think that is a reasonable construction, Your Honor. And, you know, rule 40 or rule 37 expressly gives the district court the option of deferring ruling until the appeal comes, because, you know, even the advisory committee notes say that's often the prudent thing to do, because if the defense, the pending appeal ends up being granted in favor of the defendant, then you don't even need to worry about the motion for new trial. But that said, you know, I'm not afraid to move forward to take this on. And as far as the government's position is that there was no Sixth Amendment right to counsel here and that the Fourth Circuit does have the better explanation of it in Williamson. I mean, here, you know, when I made the argument in the government's brief that the district court lacks jurisdiction, that's what I'm saying is that's jurisdiction to expand the record. Sure. Rule 37 carves out. It's called a motion for indicative ruling. There's a few little exceptions that, you know, that allow it to state that it might possibly grant something on remand. But when I talk about, you know, no jurisdiction, that's to enlarge the record on appeal. The defense acknowledged that if if there's no the right to counsel would need to be triggered, it seems like by some sort of plausible request for a new trial, because otherwise you have to have counsel for the whole three years for everyone. So if if that's if we have to come with some standard of plausibility to trigger this right to counsel, can you address whether this passed the smell test? This motion with all respect to defense counsel, the government says this doesn't even come close. This informant, Alex Smirnoff, never testified at the defendant's trial, was not responsible for any of the evidence introduced. At most, there was a side deal, the writ deal that the government had moved in Lemony. And there was a lot of, you know, a litigation about there was five or six or seven other tickers. As I was reviewing the record again, I would point your honors to page 182 of the supplemental excerpts of record. The reason why in that page, the prosecutor, this is the opposition to defend its second motion for new trial. There was the unindicted co-conspirator, Liana Millhouse. She got sick during trial and she couldn't testify. And so as we even indicate on that page, the intensive pretrial for four B litigation ended up being moot because Liliana Millhouse was too old to testify. So start with that point. My next point is, you know, it's always been a five factor test on motions for new trial. I think the third factor is evidence can't be merely cumulative or impeaching. If I hear defense counsel right, the most he's saying basically is, you know, and I like how Judge Friedman used the left and the right. Like, this is our case. We had two informants, Wolfson and Forster, with whom we gave all impeachment. The cross examinations lasted hours. This was about HVST and ASNT, the charged defense. That worked perfectly. Writ, on the other hand, never came in to the trial. So even if you assume that whatever happened in that case, and I don't know exactly all that happened, if he was the worst handled informant of all time, I don't see how that has anything to do with this except to say, ooh, writ large, the government is not so good at handling informants. Therefore, that's impeaching. But if the settled law tells you that merely impeaching evidence isn't good enough, that's not coming coming out right at the gate. And I understand. Yeah, sure. Defense counsel may be right that a very skilled attorney would love to dig, dig his teeth into those salacious allegations of what went on with Alex Smirnoff. But that's neither here nor there. When we talk about it, it seems like the government at one point had had a theory that they were connected. And so, I mean, is maybe trying to understand the best form of this argument. It's something like Alex tricked the defendant into understanding how these transactions work in some way that was false. And that led him to accidentally commit these crimes. I mean, if that's what I I don't understand that. All I know is that in the beginning, when you look at the it's attached to the third motion for new trial, that writ was being investigated as another pump and dump. It was looked at as possible match training. There was undercovers in the reports. It refers to prior recorded communications. I mean, but so what was the government's theory about why that would be needed in your trial? Right. My understanding is that just to show that, you know, it's interesting because our prosecutor used the phrase that a lot of these things are being referred to during discussions just to show the whole pump and dump. Like, hey, we're so involved in pump and dumps. We got the writ deal over here. I mean, that's the best I can take of it. And it went to two different judges. But the fact of the matter is, at the end of the day, they never come in under 404 B. There must have been some theory. It was he learned about it from that. He something. I think modus operandi just basically, you know, this I think it was Wolfson. You know, he ran it. There was a network. The pump and dump people, they don't just do one at a time. They do other ones, you know, and I think but I guess my point is, even if and I'm sorry if I can't explain it perfectly. The point being, it was always inculpatory. Like our position was, you know, here you have this H.V. S.T. S.N.T. We've got a ton of evidence. And by the way, just in case, you know, you think this defendant, this goes to the modus operandi and general knowledge of the way these things work. I don't understand how any of that could then, you know, reverse 404 B. Sure, have at it. But this is like this is another crook. I don't understand how this, you know, it's not like, oh, the newly discovered evidence is that the defendant was found in the company of a Nobel Prize winner. It's another crook. And, you know, I can't I just don't see, you know, to come right back to what you talked about, the smell test. If this isn't even closely in the threshold, you know, it's OK for the judge to deny it. And what does the law tell us? Judges get maximum deference in motions for new trial because they presided over it. This judge, district judge, knew that none of this written evidence came in, knew that Alex Smirnoff had nothing to do with the evidence in trial. Therefore, could summarily deny this motion for new trial. Unfortunately, we don't have the any idea why the district judge denied this motion. That is correct. So the district judge could have denied the motion because he thought that Mr. Hackett was represented by counsel and it was therefore an improper for him to be filing it. He could have denied it for for other reasons as well. How do we how do we deal with that? How do we know that there was a reasoned decision and the judge didn't just say, well, the appeal is over and I'm going to clear this off my docket? Well, again, I because I go back to those rules that we give the trial judge deference. This you know, it's not like this case got reassigned for sentencing. This is the judge that presided over the trial. United States versus Cardi. The judges are presumed to know the law. And here, when on its face, you know, sure. Would it have been helpful? Obviously, it would have been more helpful if we had something. But our position is that something is so manifestly devoid of merit on its face that it's not an abusive discretion because that is the standard being applied here. And that gets us to, you know, we've been talking about about the the smell test, right? But how do you articulate that in sort of a legal test that we could we could apply here? What's the you know, you know, what does the defendant have to have to show about this new evidence? Well, I would point to that five factor test, you know, and again, it's the third factor is that evidence can't be merely cumulative or impeaching. The smell test has to be you need something that's better than that. But I mean, the the theory here might be that Alexander Smirnoff was the one that convinced the defendant that these sorts of transactions were were were appropriate. He was working for the government and therefore the defendant didn't have the, you know, appropriate criminal intent. I mean, that would be an all due respect. I mean, I think that's too speculative because there's nothing, you know, in what the evidence that we do have here. It's just there was a January 2018 phone call which led to the FBI report. I mean. Our evidence in front of the jury, we had, you know, expert witness. We have the two informants who did communicate with the defendant whose phone calls were recorded. That's what we go on. This idea that, you know, maybe some out unknown person out in the ether, let alone Alex Smirnoff convinced the defendant. I would say that's too speculative. And again, motions for new trial disfavor because, you know, we have this tradition in the law. Like once a jury has spoken and all these things have happened. But I don't know if I can answer that any better than that. I'm apologizing. Apologize if I can't, Your Honor. But, you know, our thing on the smell test again. You know, maybe the last point on the United States versus Butler. That was one of the chief authorities in the third motion for a new trial. I reread that last night. That was the case where the government didn't turn over impeachment about the chief witness that testified for them at trial. This is so far from that because, again, Alex Smirnoff had nothing to do with the case. So unless there are further questions, maybe I guess I still have a question on sort of going back to the right to counsel. Yes. So if if we suppose that we think that he was not represented and suppose that we think that the Seventh Circuit was right in kitchen, then what what what happens then? Well, then I think I'm out of luck. Yeah. OK. You're not making you're not making the argument that I didn't see this in your brief, but you're not making the argument that the. If there is a right to counsel at this stage, that the failure to appoint counsel could be harmless. Yeah. But OK. I thought you were adopting the smell test along the way to this, though. So so do you think that if there's a right to counsel for a new trial motion, it's only triggered with some plausibility of the new trial motion or just any desire to file a new trial motion? That hadn't been presented. I mean, I have no problem with the plausibility standard, but here because here we think that that's not even met. But I don't know that I've seen that in the other in case law so far. It's just that five factor test. You know, was it truly new? Was the defendant diligent not finding it earlier? Is it material? It can't be. That's whether the new trial motion should be granted, not whether you have a right to counsel to try to make the new trial motion. But it's just that's an issue, you know, it's a situation that the court hasn't spoken to, and that's why there's this split out there. So. Do you know whether the Seventh Circuit thinks that you have to have counsel for the three years still in the district court in order to file a new trial? I do not. And especially I would assume that under federal rule of criminal procedure, 44, it would turn on the local rules of whatever district, you know, that hypothetical case would arise from. OK, so the government still has a minute. Do you want to ask questions of the other issues? OK, let's let's let's bring up your co-counsel, please. And I'm sorry if I deprived him of time. Why don't we put four minutes on the clock, please? May it please the court. Peter Horn for the United States on appeal. Twenty three, five, nine, five restitution issues. Happy to take a question of Judge Miller has one. Yes. Otherwise, why haven't you argued for the application of plain error here? I think that I think that could apply. We haven't argued for that because as I've read the cases generally, it appears the court has has applied the sort of standard standard of reviews for restitution issues, which are de novo for legality and methodology and an abuse of discretion and clear error for calculation and factual factual questions. And from the government's perspective, this is plainly no pun intended and a situation where there is no error. And in any event, as Judge Friedland honed in on, there is no prejudice. Now, I think the court could apply that standard, but it it isn't as positive because going to the merits as as as you asked by my friend on the other side about Judge Miller. Dolan and the reasoning behind that is really about protecting, protecting the victims in the statute, being about benefiting them, not just protecting the defendant. And the Avenatti case from the Second Circuit explains, I think, I think. Well, the caveat or the apparent condition that it needs to be clear before the end of 90 days, the restitution is going to be ordered. What the what the opinion says is at least when not only when or as long as it's clear, it's at least when it's clear. And I don't think this court has applied that at least language to mean that it has to be clear. Many of the cases, and as we've said in our in our brief, have dealt with situations where it was apparent to the defendant that it was going to be ordered. So that was the facts were already sufficient to meet that that threshold. So so what is there? I mean, if we agree with you here. I guess the concern and this is a concern expressed by the Dolan dissenters, and it seems to be a much greater concern here than what is there to make sure that this happens in anything resembling a timely fashion. I mean, what if it had been like this? This took a couple months past the deadline, but it could have dragged on longer. And what if it was a year past the deadline? And what's the limit? It could have two points. One, this court and its opinions have reflected that there is no strict outer limit. I think it's the marks case in particular, which deals with a two year delay. There's another one set in our brief that deals with a three year delay. Now, those cases, I think, involve. Potentially developing more information for restitution, ongoing process, but it shows that it's not just three months after six months after it may be delayed further and there still can be can be no error. The second point is that what what's the guard? The guard is that this statute in the process is about protecting victims. The government acting on the victim's behalf has an interest to move the process along, has an obligation to do that, both to notify the court pre sentencing and to promptly advocate for the victims and see that the restitution process process is completed promptly after sentencing. So I I don't think the court needs to be too concerned about the possibility of an indefinite or years long delay in many cases. What is your response to opposing counsel's argument that moral and doesn't apply? There was a different type of restitution deadline. It does apply. And with respect, my friend and friend on the other side, that case involved exactly the sort of delay here, which was the post post 90 days issuance of a restitution order. Cienfuegos, I think, is the case he may have been thinking of, which deals with the pre sentencing notification requirement. But more than applies and this court in unpublished opinions to the Avenatti case again from the Second Circuit demonstrates that actual prejudice is required for any error to result in vacating a reversal here. Hackett hasn't argued for it, let alone shown any actual prejudice in terms of the evidence witnesses or that the district court would have come to any other order than it did here. Thank you. Thank you. Let's put the three minutes on the clock for rebuttal, please. I want to spend most of my time on the new trial issue because that has a lot more impact on Mr. But on the last point, I have a copy of some pages from Moreland. And I'm pretty sure Moreland is about the government's noncompliance with its requirement to give notice that it's going to ask for restitution later. But your honors can check me on that. I may be mistaken on the motion for a new trial. I think you hit it right on the head with respect to the three fact of the five factor test. My colleague was talking about Judge Freeland. That's for granting the motion here. We're talking about just getting an attorney to argue it effectively. I suggest if you're going to a kitchen does actually not say anything about there needing to be a threshold requirement. But if there were going to be one, I think, first of all, there may not need to be one because any attorney who would be filing a motion is bound by the ethical rules that you not file something frivolous. So at the very least, there's a threshold that there has to be something beyond frivolous. You can't just go have a client come to you and say file a new trial motion and then you file motion saying I want a new trial with no grounds. Right. That would be frivolous. So that could be the threshold. The other possibility, if you were going to set something higher than that, and I'm not sure you should, given that ethical boundary on the lawyer, is it would be something more analogous to the to the sufficiency to get a theory of defense instruction, which is basically some scintilla of evidence out there that might support something. And I think that is met here. So that were the thoughts I have on that on on how this worked into things. I love to use little math. What's sauce for the goose is sauce for the gander. The government wanted to say that these other deals under four or four B showed my client's state of mind, that if he knew what was going on and was part of intending to pump and dump in these other deals, that was suggestive. He intended to and knew about it in the charge deal. Well, what sauce for the goose is sauce for the gander. If if we developed evidence that shows that he didn't have that state of mind in the Alex deal, then we could use that to argue. He didn't have the state of mind in this deal. And again, I'm not saying we pass the five factor test at this point. That's not what before it's before the court was before the court is where there was enough there, enough smell, enough scintilla, maybe just enough non frivolous to say you get a lawyer to look into it and to really push for the things that a lawyer would know to push for. On the representation thing. Yeah, I think the fact that the court ruled on the motion under the local rules, he's not supposed to rule on it. He's supposed to just file it under seal and give it to the attorney. And he didn't do that. So I think it's clear that he didn't see Mr. Hackett is represented. What's the local rule that requires that? It's your honor. It's cited in my reply brief. And I opened that page. I believe it's on page five of my reply brief. It's a general order at the bottom. General order seven thirty four. And local rule eighty three point three F basically say a party can't make pro se filings, quote, any documents filed directly with the court by represented defendants have no legal effect, unquote, unquote. On page six, any document presented to the court for filing by a criminal defendant who is represented by counsel will be filed in the applicable case. But only the docket entry being made public and the filed document only accessible to counsel of record. So it's not just me saying I don't read. Mr. Nurek is being still counsel as the court, too. And by the way, there's been some suggestion that I had. This was a representative of the district court. I've given you my thoughts on that. If you at all go close to down that road, I really urge you that you have to appoint some conflict free counsel. But I hope the court doesn't. I unless the court has questions. Thank you. Thank you both sides for the helpful arguments. This case is submitted and we're adjourned for the day. This session stands adjourned.
judges: FRIEDLAND, MILLER, Scarsi